```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 09-21669-CIV-UNGARO
                        MAGISTRATE JUDGE P.A. WHITE
```

DEMETRAS TALTIAN,                     :

    Petitioner,                       :
v.
                                       :        <u>REPORT OF</u>
WALTER A. McNEIL,                              <u>MAGISTRATE JUDGE</u>
                                       :

    Respondent.
_____:

## I. <u>Introduction</u>

Demetras Taltian, a state prisoner currently confined at Homestead Correctional Institution, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions entered in Case No. F99-15555 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition (DE# 1), the Court has the respondent's response to an order to show cause (DE# 12) with supporting appendix (DE# 16); and petitioner's reply to the response (DE# 19).

## II. <u>Claims</u>

Taltain alleges ineffective assistance of counsel for the following reasons:

    1.    Counsel failed to properly convey plea offered by the state.

    2.    Counsel failed to investigate an alibi defense and call an alibi witness.

    3.    Counsel failed to disclose information to the trial court concerning the filing of a motion to dismiss counsel.

    4.    Counsel failed to object to prejudicial remarks made by the prosecutor during the opening statement.

    5.    Counsel failed to investigate or pursue a defense based on DNA evidence which would have established defendant's innocence.

### III. Procedural History

On May 28, 1999, the state charged Taltian by information with importation of a controlled substance in violation of Fla. Stat. §893.13(5)(a) and with trafficking in cocaine in violation of Fla. Stat. §893.135(1)(b). (DE# 16, Ex. A, R 1-4). She was convicted after a jury trial of both counts and on December 15, 1999, she was sentenced to two sixteen-year prison terms, to run concurrently. (DE# 16, Ex. A, R 179-81, 207). Taltian pursued a direct appeal by filing a January 28, 2000 notice of appeal in the Third DCA. (DE# 16, Ex. A, R 183). On February 28, 2001, the Florida Third District Court of Appeal per curiam affirmed the conviction in a decision without written opinion. (DE# 16; Ex. H). See also Taltian v. State, 778 So. 2d 507 (Fla. 3d DCA 2001) (citing Ezell v. State, 648 So. 2d 1257 (Fla. 3d DCA 1995)). On March 14, 2001, the Third DCA issued its mandate. (DE# 16, Ex. I).

On April 9, 2001, Taltian filed a pro se motion for reduction and modification of sentence in the trial court, which was denied. (DE# 16, Ex. C). Taltian did not appeal.

On August 8, 2001,[1] Taltian filed a petition for writ of habeas corpus in the Third DCA wherein she alleged ineffective assistance of appellate counsel on direct appeal. (DE# 16, Ex. K). The Third DCA denied the petition without written opinion on April 11, 2002. (DE# 16, Ex. M).

On February 26, 2003, Taltian filed a motion for postconviction relief pursuant to Fla.R.Civ.P. 3.850 at the trial court level, wherein she alleged ineffective assistance of trial counsel for various reasons. (DE# 16, Ex. N, R 11-22). The trial court conducted a June 21, 2006 hearing on the motion and on August 21, 2006, entered a lengthy written opinion denying each ground. (DE# 16, Ex. N, R 109-114). On September 25, 2006, Taltian appealed the trial court's denial of her motion (DE# 16, Ex. N, R 115-16; Ex. O) and subsequently filed an initial brief (DE# 16, Ex. P). The Third DCA affirmed the lower court's order in a per curiam decision. Taltian v. State, 981 So. 2d 647 (Fla. 3 DCA 2008) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Overton v. State, 976 So.2d 536 (Fla.2007); Jacobs v. State, 880 So.2d 548 (Fla.2004); Nelson v. State, 875 So.2d 579 (Fla.2004)). The Third DCA issued its mandate on June 6, 2008. (DE# 16, Ex. S).

On February 15, 2008, while the appeal of the trial court's denial of her postconviction motion was pending, Taltian submitted a handwritten letter to the trial court judge wherein she moved for a downward departure from her sentence. (DE# 16, Ex. T). In a March 12, 2008 order the trial court treated the correspondence as

---

[1] Florida recognizes the "mailbox" rule. See Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla. 2002)(date of service in prisoner's certificate of service was used as filing date), citing, Haag v. State, 591 So.2d 614 (Fla. 1992)(a pro se prisoner's motion is considered to be filed when it is handed over to prison personnel for mailing). See also Haines v. State, 641 So.2d 464 (Fla. 4 DCA 1994).

a motion for mitigation of sentence and denied the motion as untimely and legally insufficient. (DE# 16, Ex. U). Taltian did not appeal.

On May 15, 2008, Taltian filed another pro se motion for mitigation of sentence. (DE# 16, Ex. V). The trial court denied the motion as it was untimely, legally insufficient, and because the court lacked jurisdiction. (DE# 16, Ex. W). Taltian did not appeal.

On April 27, 2009, Taltian filed a motion to correct an illegal sentence pursuant to Fla.R.Civ.P. 3.800. (DE# 16, Ex. X). The trial court entered a May 27, 2009 order denying the motion as insufficient to support the relief prayed. (DE# 16, Ex. Y). Taltian did not appeal.

On May 14, 2009, Taltian filed a pro se motion to "award gain time or amend judgment and sentence." (DE# 16, Ex. Z). In a June 18, 2009 order, the trial court denied the motion as insufficient to support the relief prayed. (DE# 16, Ex. AA). Taltian did not appeal.

On June 10, 2009,[2] Taltian filed the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (DE# 1).

## IV. Statute of Limitations

I the response to the order to show cause, the respondent solely asserts that the instant petition is time-barred pursuant to

---

[2] This Court also applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008). See also Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

4

28 U.S.C. §2244(d), warranting dismissal of the petition. The respondent's assertion of time-bar is meritorious and this petition should be dismissed as time-barred for the reasons indicated immediately below. Taltian does not specifically address the statute of limitations issue in her petition or her reply to the response.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A);[3] Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[4]

---

[3] The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[4] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling

5

28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in rare and exceptional cases. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

Here, the Third DCA affirmed the judgment of conviction and sentence on direct appeal in Taltian v. State, 778 So. 2d 507 (Fla. 3d DCA February 28, 2001). Taltian's conviction and sentence became final on May 29, 2001, ninety days after the Florida Third District Court of Appeal affirmed his convictions and sentences on direct appeal. See Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1275 (11 Cir. 2006), *citing*, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002). This federal petition for writ of habeas corpus challenging the instant convictions was not filed until June 17, 2009, well-beyond one-year after the date on which the convictions and sentences became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

---

Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

As indicated above, Taltian initiated postconviction challenges to her convictions and sentences in both the state trial and appellate courts. Seventy-one days after the conviction became final, i.e., May 29, 2001, Taltian filed an August 8, 2001 petition for writ of habeas corpus in the Third DCA wherein she alleged ineffective assistance of appellate counsel on direct appeal.[5] (DE# 16, Ex. J-K). The Third DCA denied the petition without written opinion on April 11, 2002. (DE# 16, Ex. M). The time to file a federal habeas petition was tolled while the state habeas proceedings were pending in the Third DCA, namely, from August 8, 2001 through April 11, 2002. See 28 U.S.C. §2244(d)(2). On April 11, 2002, there remained 294[6] days within which to file her federal habeas petition, specifically, on or before January 30, 2003.

Nothing was filed in Taltian's case until February 26, 2003, at which point she filed the first of several additional motions for postconviction relief. The postconviction proceedings initiated after January 30, 2003 did not toll the one-year limitations period, because she did not commence postconviction relief until after the applicable limitations period had already expired on January 30, 2003. See Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

---

[5] Taltian filed an April 9, 2001 pro se motion for reduction and modification of sentence in the trial court, which was denied. (DE# 16, Ex. C). This postconviction motion was filed before the one-year statute of limitations began to run and is not relevant to the tolling issue.

[6] This figure takes into account the 71 days which passed between the conviction's becoming final and Taltain's filing a state habeas petition.

Taltian did not address the limitations issue in her original petition or reply to the response. Even if Taltian were to maintain that she could not timely file her habeas petition with this Court, because she first needed to exhaust her state court remedies prior to filing the instant petition, any such claim would also be meritless. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, she would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000); See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

Further, this case presents no grounds for the application of the doctrine of equitable tolling. Lawrence v. Florida, 549 U.S. at 336. The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). The record also does not demonstrate that Taltian was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus, and actually indicates to the contrary as revealed by the above-reviewed state postconviction proceedings. The trial court repeatedly construed hand-written letters from Taltian as motions for postconviction relief and then issued orders ruling on same. Finally, Taltian's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted pro se representation alone or procedural ignorance as an excuse

8

for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Accordingly, the time-bar is ultimately the result of Taltian's failure to timely institute state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on June 17, 2009, is untimely, Taltian's claims challenging the lawfulness of her convictions are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

## V. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2) and, in the alternative, denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 8th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Demetras Evealua Taltian
    DC# J09504
    Homestead Correctional Institution
    19000 SW 377th St. Ste 200
    Florida City, FL 33034

```
Nicholas Adam Merlin
Richard L. Polin
Attorney General Office
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131
```